**FILED**

AUG 28 2025

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____CL_____
                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

**Joseph Anthony Reyna (JOECAT®),**

individually and on behalf of

Dreams Over Dollars™ Foundation (501(c)(3)) and JoeCat LLC,

Plaintiff,

v.

**Block, Inc. (d/b/a Cash App),**

and **Sutton Bank,**

Defendants.

Civil Action No. **1:25CV01402 RP**

---

**COMPLAINT**

**I. PARTIES**

1. Plaintiff **Joseph Anthony Reyna** ("Plaintiff") is a resident of Travis County, Texas; Director of **Dreams Over Dollars™ Foundation (EIN 88-2187078)**, a federally recognized 501(c)(3); owner of federally registered trademark **JOECAT® (USPTO Reg. No. 6,057,783)**; and an ADA-qualified individual under 42 U.S.C. § 12132.

1

2. Defendant **Block, Inc.** is a Delaware corporation headquartered at 1955 Broadway Street, Suite 600, Oakland, CA 94612, doing business as "Cash App."

3. Defendant **Sutton Bank** is a federally insured bank serving as Cash App's card-issuing partner.

## II. JURISDICTION AND VENUE

4. Jurisdiction is proper under **15 U.S.C. § 1693m(g)** (EFTA), **28 U.S.C. § 1331** (federal question), and **42 U.S.C. §§ 12182, 12188** (ADA).

5. Venue is proper in this District under **28 U.S.C. § 1391(b)** because Plaintiff resides in Travis County, Defendants transact business in Texas, and the injuries occurred in this District. Venue is further appropriate under the ADA, as litigating in California or Delaware would impose undue burden on a disabled Texas plaintiff.

6. This Complaint arises from a **narrow set of transactions** and is not duplicative of Plaintiff's other filings in this District.

2

## III. FACTUAL ALLEGATIONS

7. Between April 3–May 21, 2025, Plaintiff experienced **$63.93 in unauthorized "Google Play" charges**. Defendants failed to investigate or credit these charges within statutory timelines.

8. On August 2025, after Plaintiff had issued a **Litigation Preservation Notice** (June 6, 2025), another unauthorized charge posted: "NS ACCESS TO INFORMATION" – $3.73 (with international fee).

9. On August 11, 2025, Plaintiff mailed a **Final Demand & Rule 27 Pre-Suit Notice** (Exhibit A) to Defendants, demanding compliance under the **Electronic Fund Transfer Act (EFTA), ADA Title III**, and **Texas Deceptive Trade Practices Act (DTPA)**. Plaintiff's notice expressly stated that *any payment below $5,000 would constitute partial performance and admission of liability, not resolution.*

10. Shortly thereafter, Defendants credited Plaintiff's account **$63.93 with the label "For We're Sorry"** (Exhibit B).

11. On August 22, 2025, Defendants sent Plaintiff a letter (Exhibit C) acknowledging reimbursement of $67.66, attempting to characterize it as a "one-time gesture of goodwill," and citing an arbitration clause in Cash App's Terms of Service.

12. Plaintiff disputes Defendants' characterization. The refund occurred only after Plaintiff's legal demand and constitutes **partial performance and admission of liability**, not resolution. Defendants' attempt to reframe the refund as "goodwill" contradicts the contemporaneous record.

13. Reimbursement of the disputed transactions does not moot statutory damages, civil rights claims, or injunctive relief. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016).

14. Statutory rights under **EFTA (15 U.S.C. § 1693m), ADA Title III (42 U.S.C. § 12188),** and **Texas DTPA (Tex. Bus. & Com. Code § 17.50(b)(1))** cannot be waived through private arbitration clauses. *See Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000).

---

## IV. CLAIMS FOR RELIEF

**Count I – Electronic Fund Transfer Act (15 U.S.C. § 1693f et seq.)**

15. Defendants violated **15 U.S.C. § 1693f(e)(2)** and **12 C.F.R. § 1005.11(c)** by failing to investigate unauthorized charges and credit Plaintiff's account within required timeframes. Liability is **strict**, not dependent on intent (*Haynes v. Chase Bank USA, N.A.*, 441 F. Supp. 2d 546 (E.D. Tex. 2006)).

16. Arbitration clauses cannot bar statutory remedies preserved by Congress in **15 U.S.C. § 1693m(g).**

**Count II – ADA Title III (42 U.S.C. §§ 12181–12189)**

17. Defendants' mobile dispute platform is a "service establishment" under **42 U.S.C. § 12181(7)(F)**. By failing to provide accessible dispute resolution, Defendants denied equal service to an ADA-qualified individual, violating **42 U.S.C. § 12182** and **28 C.F.R. § 36.303** (*Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019); *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946 (N.D. Cal. 2006)).

18. Injunctive relief under ADA Title III cannot be privately arbitrated away.

**Count III – Texas DTPA (Tex. Bus. & Com. Code § 17.46 et seq.)**

19. Defendants misrepresented dispute rights and misapplied stored funds, violating **Tex. Bus. & Com. Code §§ 17.46(b)(24), 17.50(b)(1)**. Knowing violations mandate **treble damages**.

20. Arbitration cannot bar treble-damages remedies explicitly created by statute.

**Count IV – Reserved Claims (Notice Only)**

21. Plaintiff reserves expansion to include:

- **18 U.S.C. § 1519** (spoliation/obstruction for failure to preserve transaction metadata).

- **42 U.S.C. § 1981** (equal rights under contracts).

- **Tex. Civ. Prac. & Rem. Code § 134.004** (Texas RICO analog).

---

5

## V. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully prays for judgment as follows:**

A. **Declare** that Defendants' $63.93 refund labeled "For We're Sorry" constitutes **partial performance and an admission of liability,** and that post hoc characterizations as "goodwill" are not legally controlling;

B. **Order Defendants to comply** with Plaintiff's August 11, 2025 Final Demand by remitting, at their election:

1. **$10,000 as a charitable donation** to Dreams Over Dollars™ Foundation (501(c)(3)), reflecting injunctive and deterrent relief consistent with ADA Title III remedies and the public-benefit enforcement purpose of **15 U.S.C. § 1693m(e); or**

2. **$5,000 directly to Plaintiff's business account,** representing the statutory baseline for damages under **15 U.S.C. § 1693m(a)** together with multiplier authority under **Tex. Bus. & Com. Code § 17.50(b)(1);**

C. **Award additional statutory damages** as authorized under the Electronic Fund Transfer Act, the Americans with Disabilities Act, and the Texas Deceptive Trade Practices Act;

D. **Award Plaintiff costs of suit and all taxable expenses** pursuant to **Fed. R. Civ. P. 54(d)(1)** and **28 U.S.C. § 1920;**

E. **Grant such further relief**—legal, equitable, declaratory, or injunctive—as this Court deems just and proper to secure Plaintiff's statutory rights and deter future violations.

---

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

---

Respectfully submitted,

/s/ Joseph Anthony Reyna

Joseph Anthony Reyna (JOECAT®), Pro Se

5900 Balcones Dr, Suite 16077

Austin, TX 78731

whitehat@joecattt.com | (956) 202-5580

Date: _____

---

## MOTION FOR JUDICIAL NOTICE & CLARIFICATION

**Plaintiff's Motion for Judicial Notice and Clarification**

Plaintiff respectfully moves this Court under Fed. R. Evid. 201 to take judicial notice of indisputable facts and controlling precedent, and to clarify points of law necessary for efficient resolution.

### I. JUDICIAL NOTICE REQUESTS

1. **CFPB Consent Order (Jan 2025) vs. Block, Inc.** – establishing systemic EFTA violations.

2. **Plaintiff's refund screenshot ($63.93 "We're Sorry")** – admission by conduct.

3. **Cash App Legal Letter (Aug. 22, 2025)** – invoking "goodwill" and arbitration.

4. **Published precedent:**

    - *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016) – tender of relief does not moot statutory claims.

    - *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019) – ADA applies to online services.

- *Haynes v. Chase Bank USA, N.A.*, 441 F. Supp. 2d 546 (E.D. Tex. 2006) – EFTA strict liability.

- *Armendariz v. Foundation Health*, 24 Cal. 4th 83 (2000) – arbitration unconscionable if it strips statutory rights.

## II. REQUESTS FOR CLARIFICATION

The Court should clarify:

1. Whether Defendants' partial refund constitutes **admission of liability**.

2. Whether **mobile fintech platforms are service establishments** under ADA Title III.

3. Whether **EFTA liability is strict regardless of intent**.

4. Whether **arbitration clauses can waive statutory remedies** under EFTA, ADA, and DTPA.

## III. CONCLUSION

Judicial notice and clarification will narrow issues, foreclose unnecessary disputes, and prevent Defendants from relitigating settled law.

Respectfully submitted,

/s/ Joseph Anthony Reyna

## EXHIBIT INDEX

**Exhibit A** – Final Demand Letter **(Aug. 11, 2025)**

**Exhibit B** – Refund Screenshot **($63.93 "For We're Sorry")**

**Exhibit C** – Cash App Legal Response Letter **(Aug. 22, 2025)**

**Exhibit D** – CFPB Consent Order against Block, Inc. **(January 2025)**

# EXHIBIT A

## Plaintiff's Final Demand & Rule 27 Notice (August 11, 2025)

Filed in support of Plaintiff's Complaint.

Respectfully submitted,

/s/ Joseph Anthony Reyna

Pro Se Plaintiff

_____

Joseph Anthony Reyna
**Dreams Over Dollars™ Foundation (501(c)(3), EIN: 88-2187078)**
5900 Balcones Drive, Suite 16077
Austin, TX 78731
whitehat@joecattt.com | (956) 202-5580

**Date:** 08/11/25

**VIA USPS NONPROFIT MAIL – INTENTIONALLY**
*(This notice is being sent intentionally under nonprofit rate to evaluate your compliance response without imposing unnecessary costs. A certified copy of this notice is available upon request.)*

---

**TO:**
**Block, Inc.**
Attn: Legal Department / Cash App Disputes
1955 Broadway Street, Suite 600 (MSC 211)
Oakland, CA 94612

**AND**

**CT Corporation System** (Registered Agent for Block, Inc.)
1209 North Orange Street
Wilmington, DE 19801

---

**RE: Final Demand & Rule 27 Pre-Suit Notice – Dispute Suppression, Unauthorized Charges, Procedural Denial**

This notice is part of an **active litigation strategy** and is **not a customer service request.**

My standing is supported by my roles and protections as:

- Director of a federally recognized **501(c)(3)** public-benefit organization (Dreams Over Dollars™)

- **Federally registered trademark** owner (JOECAT®, USPTO Reg. No. 6,057,783)

- **ADA-qualified** individual under 42 U.S.C. §§ 12132, 12182, with WCAG compliance rights for mobile financial interfaces; covered as a "service establishment" under **42 U.S.C. § 12181(7)(F)**

- **Federal whistleblower** with active matters before SEC, OSHA, FinCEN, CFPB

- **Media company owner** (*More Than Rich* podcast)

- **Pell Grant recipient**, **SNAP beneficiary**, and **low-income litigant** qualifying for statutory fee waivers

Jurisdiction is proper in Texas under **Tex. Civ. Prac. & Rem. Code § 17.042** and **28 U.S.C. § 1391**, given ongoing harm, intended use of services in Texas, and active filings in Travis County District Court. Venue objections are expressly reserved against any transfer attempt.

On **June 6, 2025**, I issued a **Litigation Preservation Notice** regarding your admitted dispute routing failure (April 3–May 21, 2025) and $63.93 in unauthorized "Google Play" charges.

Since then, an additional unauthorized transaction posted to my account:

- **August 2025** – "NS ACCESS TO INFORMATION" – $3.73 (including international fee)

This occurred **after** you were on formal notice, establishing ongoing harm and aggravated liability.

This demand addresses both these specific transactions **and broader systemic misconduct** in Cash App's dispute-handling processes. It is **not** a waiver or limitation of any other claims, rights, or remedies arising from related transactions or processes.

**I. Federal Consumer Protection – EFTA / Reg E**

Violations include:

- **15 U.S.C. § 1693f(e)(2)** – Failure to investigate/credit within statutory timelines (strict liability).

- **12 C.F.R. §§ 1005.10(b), 1005.11(c), 1005.13** – Technical errors do not excuse compliance; CFPB/OCC enforcement applies.

- **15 U.S.C. § 1693m(g)** – Statute tolled by concealment; your system defect concealed resolution access.

- **12 C.F.R. § 1005.14(a)** – Liability for errors by merchants using your EFT system.

- **CFPB Bulletin 2023-01** – Internal process prerequisites cannot override statutory rights when access is defective.

**Rebuttal Trap:** If you claim these charges were authorized, provide signed agreements, originating device identifiers, and IP logs. Absent production, the transactions will be deemed unauthorized under 15 U.S.C. § 1693g(b).

## II. Civil Rights – ADA / WCAG

Your mobile dispute system is subject to ADA Title III and WCAG standards per DOJ settlements with Wells Fargo, Bank of America, and other financial institutions. Courts have held that **digital-only financial services** are subject to ADA accessibility requirements when they provide essential consumer functions analogous to physical service establishments. Denial of accessible dispute resolution to an ADA-qualified individual is prohibited under 42 U.S.C. §§ 12182, 12132.

## III. Texas & State-Level UDAP

Violations include:

- **Tex. Bus. & Com. Code § 17.46(b)(24)** – DTPA: Misrepresentation of dispute access.

- **Tex. Bus. & Com. Code § 17.50(b)(1)** – DTPA treble damages for knowing violations.

- **Texas Finance Code § 392.304** – Misleading billing/dispute process design.

- **Texas Penal Code § 32.45** – Misapplication of fiduciary property (stored value funds).

- **Texas Gov't Code § 552.3215** – Public interest enforcement referral to AG.

**Record Preservation – Immediate Obligation**

Preserve:

- Transaction logs
- Dispute routing metadata
- Support ticket histories
- Mobile UI telemetry
- Authorization flows
- Escalation queue assignments
- Internal Slack/email communications regarding April–May 2025 dispute handling

Failure to preserve will be treated as a violation of **18 U.S.C. § 1519** (spoliation/obstruction).

**Final Resolution Demand (72 Hours)**

This 72-hour deadline is **reasonable** given my prior written notice dated June 6, 2025, and your continued inaction since that date.

Deposit **$5,000** into my Cash App account ending in 8543 , unconditionally, without restrictions or silencing terms. Partial payments, silent adjustments, or conditional refunds will not constitute resolution.

This figure aligns with **CFPB's January 2025 Consent Order** restitution averages against Block, Inc., reflects statutory damages floors under **15 U.S.C. § 1693m(a)**, and incorporates procedural injury multipliers under **Tex. Bus. & Com. Code § 17.50(b)(1)**.

Any post-receipt refund not accompanied by the $5,000 settlement amount will be treated as **partial performance and an admission of liability**, not a resolution.

Failure to comply will result in:

1. This letter serving as a **Rule 27 pre-suit discovery notice**.

2. Immediate filing of a final lawsuit naming Block, Inc. and Sutton Bank as custodians.

3. Inclusion of this correspondence and exhibits as evidence, and referral to CFPB, FTC, OCC, TX AG, and DOJ.

4. Pursuit of **both monetary and injunctive relief** under **15 U.S.C. § 1693m(e)** and **Tex. Bus. & Com. Code § 17.50(b)(2)** to compel compliance with dispute access requirements.

**Notice of Service:**
Service on both registered agent and headquarters constitutes **actual and constructive notice** in TX, DE, and CA. This notice is also transmitted to your Compliance Officer and General Counsel by email for departmental receipt.
**Sincerely,**

Joseph Anthony Reyna
Founder & Director – Dreams Over Dollars™ (501(c)(3))
Federally Registered Trademark Owner – JOECAT® (USPTO Reg. No. 6,057,783)
ADA-Protected | Pell Grant Recipient | SNAP Beneficiary | Federal Whistleblower

---

**Attachments available upon written request:**

- Exhibit A – March–May 2025 disputed charges (native metadata available; SHA-256 hash preserved)

- Exhibit B – August 2025 "NS ACCESS TO INFORMATION" charge (native metadata available; SHA-256 hash preserved)

- Exhibit C – Cash App's dispute failure notice (April 3–May 21, 2025)

# EXHIBIT B

## Refund Screenshot – $63.93 labeled "For We're Sorry"

Filed in support of Plaintiff's Complaint.

Respectfully submitted,

/s/ Joseph Anthony Reyna

Pro Se Plaintiff

---



**Cash App Team**
Tuesday at 2:22 PM
For We're Sorry

**+ $63.93**

**Transaction details**

✓ **Complete**
Payment received

👤 **Payment between**
To: JoeCat
From: Cash App Team

$ **Depositing to**
Cash balance

≡\ **Fees**
None applied

\# **Transaction number**
PRGFHV7Y4

**What you can do**

🕔 View history with Cash  >

💬 Contact Support  >

⚠ Report an issue  >

Block, Inc.
1955 Broadway, Suite 600
Oakland, CA 94612
(800) 969-1940

NMLS #: 942933

cash.app

## EXHIBIT C

## Cash App Legal Response Letter (August 22, 2025)

Filed in support of Plaintiff's Complaint.

Respectfully submitted,

/s/ Joseph Anthony Reyna

Pro Se Plaintiff

---

 **Cash App**

August 22, 2025

**VIA EMAIL: whitehat@joecattt.com**
Joseph Reyna
Dreams Over Dollars Foundation
5900 Balcones Drive, Suite 16077
Austin, TX 78731

### *Cash App's Response to Your August 11, 2025 Correspondence*

Dear Joseph Reyna:

We received your August 11, 2025 correspondence, in which you allege that: (1) you had unauthorized transactions from Google Play[1] totaling $63.93 on your Cash App account; (2) an unauthorized Cash App Card[2] transaction was conducted on your account in the amount of $3.73; and (3) your attempts to resolve this matter with Cash App Support were unsatisfactory. You request that Cash App "[d]eposit $5,000[.00] into [your] Cash App account..., unconditionally, without restrictions or silencing terms" or else you will move forward with litigation.

Cash App investigated your concerns and, on August 19, 2025, provided you a $67.66 reimbursement as a one-time gesture of goodwill for the transactions mentioned in your August 11, 2025 correspondence. Should you still want to pursue litigation regarding this issue, you will need to follow the process described in the Cash App Terms of Service, which include submitting a pre-arbitration notice to the listed address (See e.g., TOS Section XIX.19).

However, because we have reimbursed the transactions at issue we hope there will be no further dispute between you and Cash App on this matter at this time.

Sincerely,
/s/
Mohsin L.
Cash App Legal Response Team

---

[1] Cash App is not affiliated with Google Play.

[2] The Cash App Card is a prepaid Visa debit card that customers can order through their mobile app to spend the funds in their stored balance.

1955 Broadway, Suite 600
Oakland CA. 94612

**EXHIBIT D**

**CFPB Consent Order against Block, Inc. (January 2025)**

Filed in support of Plaintiff's Motion for Judicial Notice.

# Block, Inc.

On January 16, 2025, the Bureau issued an order against Block, Inc. (Block), a nonbank headquartered in Oakland, California which operates Cash App, a mobile payments application through which consumers can send and receive money through peer-to-peer transfers. The Bureau found that for years after the inception of Cash App, Block failed to provide effective customer service for Cash App, including by failing to provide live telephone agents, which prevented consumers from being able to have their financial issues addressed in a proper and timely fashion and resulted in fake customer service lines through which consumers' information would be stolen, in a manner that was unfair in violation of the Consumer Financial Protection Act of 2010 (CFPA). The Bureau also found that Block failed to take timely, appropriate, and effective measures to prevent, detect, limit, and address fraud on the Cash App platform in a manner that was unfair in violation of the CFPA. The Bureau further found that Block used the card network chargeback process as a substitute for fulfilling its obligations under the Electronic Fund Transfer Act (EFTA) and Regulation E to investigate and resolve disputes about unauthorized transactions in a timely manner in violation of the CFPA's prohibition on unfair practices. In addition, the Bureau found that Block engaged in deception by misrepresenting that it protected consumers from unauthorized transfers and had a telephone line to report such unauthorized transfers. The Bureau also found that Block failed to comply in multiple ways with the requirements of EFTA and Regulation E, including regarding error resolution. The order requires Block to change its practices to comply with the law, pay at least $75 million in redress to consumers, up to $120 million. The order further requires Block to pay $55 million in civil money penalties.