# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JOSEPH ANTHONY REYNA, § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1:25-CV-01402-RP-SH |
| § | |
| BLOCK, INC. and SUTTON BANK, § | |
| *Defendants* § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Joseph Anthony Reyna's Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), filed August 28, 2025.[1]

### I.   Background

In the past four months, Reyna has filed eleven lawsuits in this Court.[2] To date, Magistrate Judges have recommended dismissal of five of them as frivolous under 28 U.S.C. § 1915(e)(2): *Soc. Sec. Admin.*, No. 1:25-cv-01293-ADA-ML; *Nelnet*, No. 1:25-cv-01107-ADA-DH; *Texas Med. Liab. Tr.*, No. 1:25-cv-01105-ADA-ML; *DaVita*, No. 1:25-cv-01028-RP-SH; *Spotify Tech.*,

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the application to proceed *in forma pauperis* and report and recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

[2] *Reyna v. Tex. Dep't of State Health Servs.*, No. 1:25-cv-00871-ADA (W.D. Tex. June 2, 2025); *Reyna v. Spotify Tech. S.A.*, No. 1:25- cv-01023-DAE (W.D. Tex. June 26, 2025); *Reyna v. DaVita Inc.*, No. 1:25-cv-01028-RP-SH (W.D. Tex. June 27, 2025); *Reyna v. Texas Med. Liab. Tr.*, No. 1:25-cv-01105-ADA-ML (W.D. Tex. July 15, 2025); *Reyna v. Nelnet, Inc.*, No. 1:25-cv-01107-ADA-DH (W.D. Tex. July 15, 2025); *Reyna v. Tex. Dep't Transp.*, No. 1:25-cv-01290-DAE-ML (W.D. Tex. Aug. 5, 2025); *Reyna v. Soc. Sec. Admin.*, No. 1:25-cv-01293-ADA-ML (W.D. Tex. Aug. 11, 2025); *Reyna v. Wells Fargo Bank, N.A.*, No. 1:25-cv-01356-RP-ML (W.D. Tex. Aug. 21, 2025); *Reyna v. Block, Inc.*, No. 1:25-cv-01402-RP-SH (W.D. Tex. Aug. 28, 2025); *Reyna v. Cap. One Fin. Corp.*, No. 1:25-cv-01498-ADA-SH (W.D. Tex. Sep. 11, 2025); *Reyna v. Twitch Interactive, Inc.*, No. 1:25-cv-01504-RP-DH (W.D. Tex. Sep. 11, 2025).

No. 1:25-cv-01023-DAE. Two of those lawsuits have already been dismissed: *DaVita*, No. 1:25-cv-01028-RP-SH, 2025 WL 2423330 (Aug. 21, 2025); *Texas Med. Liab. Tr.*, No. 1:25-cv-01105-ADA-ML, 2025 WL 2375391 (Aug. 14, 2025), and Magistrate Judge Howell has warned Reyna twice that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims and otherwise abuse his access to the judicial system. *Nelnet*, No. 1:25-cv-01107-ADA-DH, Dkt. 6 at 5; *Spotify Tech.*, No. 1:25-cv-01023-DAE-DH, Dkt. 7 at 5.

## II.     Application To Proceed *In Forma Pauperis*

Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing Reyna's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Reyna *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Reyna at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III.   Review of the Merits of the Claim

Because Reyna has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires that a court dismiss a case that it determines "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Reyna asserts six causes of action but does not state a claim on which relief may be granted. First, he alleges that Defendants violated the Electronic Fund Transfer Act by failing to investigate unauthorized charges and timely credit him for those charges. Dkt. 1 at 4. He does not plead facts showing that notice was given to Defendants regarding the alleged charges, a prerequisite to initiating an investigation. 15 U.S.C. § 1693f(a); 12 C.F.R. § 1005.11(b).

Reyna also alleges that Defendants' actions violated Title III of the Americans with Disabilities Act, but he pleads no facts explaining how he is a qualifying disabled individual, why Defendants qualify as a public accommodation, or how Defendants allegedly discriminated on the basis of a qualifying disability. Dkt. 1 at 5; 42 U.S.C. § 12182(a).

Reyna alleges that Defendants violated the Texas Deceptive Trade Practices-Consumer Protection Act. Dkt. 1 at 5. These allegations are conclusory, and Reyna pleads no facts suggesting that Defendants withheld information from him with the intent to induce a transaction. TEX. BUS. & COM. CODE § 17.46(b)(24).

Finally, Reyna "reserves" three claims related to the destruction of evidence in federal investigations, equal rights to make and enforce contracts, and Texas civil liability for theft. Dkt. 1 at 5. He pleads no facts to support these claims.

## IV.  Order

The Court **GRANTS** Reyna's application to proceed *in forma pauperis* (Dkt. 2) under 28 U.S.C. § 1915(a)(1).

## V.  Recommendation

This Magistrate Judge **RECOMMENDS** the District Court **DISMISS** with prejudice Plaintiff Joseph Anthony Reyna's complaint as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

## VI.  Pre-Filing Bar

As stated above, Reyna has filed eleven lawsuits in this Court over the past four months and has twice been warned that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims. Federal courts "have the inherent power to police the conduct of litigants and attorneys who appear before them," *In re Rudder*, 100 F.4th 582, 584 (5th Cir. 2024), including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). In addition to

monetary sanctions, a court may "impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008).

Reyna's "wasting of increasingly scarce judicial resources must be brought to an end." *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). This Magistrate Judge **RECOMMENDS** that the District Court impose a pre-filing bar on future litigation by Reyna.

The Court **ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### VII.    Warnings

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 1, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE