UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

**Joseph Anthony Reyna (JOECAT®)**, individually and on behalf of **Dreams Over Dollars™ Foundation (501(c)(3))** and **JoeCat LLC**,

    Plaintiff,

v.

**Block, Inc. (d/b/a Cash App)** and **Sutton Bank**,

    Defendants.

Civil Action No. **1:25-cv-01402-RP-SH**

FILED

OCT 1 4 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

---

**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**AND MOTION FOR JUDICIAL NOTICE, LEAVE TO AMEND, AND CLARIFICATION OF PRIOR FRIVOLOUSNESS FINDINGS**

*(Fed. R. Civ. P. 72(b)(2), 15(a)(2), 54(b), 60(b); 28 U.S.C. § 636(b)(1); Fed. R. Evid. 201)*

---

1

## I. INTRODUCTION

Plaintiff objects to the October 1, 2025 Report and Recommendation (ECF No. 8) recommending dismissal with prejudice and characterizing this case as "frivolous." The record contains law, facts, and exhibits that were overlooked or misread because of their pace, not their substance. As Justice Brandeis cautioned, *"The most important thing we do is not doing."* Restraint is power only when paired with care. Clarification here will guide how EFTA/ADA claims are treated in this District and will be referenced for consistency in future filings.

---

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court must conduct **de novo** review of those portions of the R&R to which specific objection is made. **Objections filed within fourteen (14) days suspend the effectiveness of the recommendation until resolved by the District Judge.**

---

## III. SPECIFIC OBJECTIONS AND MOTIONS

The arguments and authorities previously set forth remain in full effect and are incorporated by reference. All supporting exhibits (A through D) were already submitted to the Court with Response—is re-attached for judicial notice and record clarity.

Plaintiff continues to seek:

2

1. Rejection or modification of the October 1 R&R;

2. Judicial notice of Exhibit C-1 and previously filed Exhibit D (CFPB Consent Order);

3. Recognition of plausible claims under the EFTA, ADA, and Texas DTPA;

4. Alternatively, leave to amend under Rule 15(a)(2);

5. Clarification that any dismissal is procedural only and without a finding of bad faith; and

6. Vacatur or amendment of prior "frivolous" designations under Rules 54(b) and 60(b) to reflect their screening nature for future citation.

## B. Misapplication of § 1915(e)(2)

Section 1915(e)(2) permits dismissal only where a case lacks an arguable basis in law or fact—not because a litigant files efficiently. This Complaint rests on established authority: *Haynes v. Chase Bank USA, N.A.*, 441 F. Supp. 2d 546 (E.D. Tex. 2006) (EFTA strict liability); *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019) (ADA Title III applies to digital interfaces).

To equate persistence with frivolity inverts the purpose of citizen enforcement.

## C. Structural Disengagement and Chilling Effect

Assistance from public and corporate actors routinely materializes **only after** litigation begins. That reactivity turns access into a privilege for the litigious and contradicts the ADA's

requirement of proactive inclusion (42 U.S.C. § 12188(a)(1); 28 C.F.R. § 36.503(a)). Plaintiff's measured distance from informal municipal channels reflects experience, not defiance. When help is triggered by suit rather than need, litigation becomes a proxy for eligibility and the Court becomes a triage center for administrative neglect.

**D. Prejudice and Spillover Risk**

The "frivolous" label creates collateral consequences across unrelated matters. Future courts or parties may treat it as a credibility finding rather than a screening shorthand. Pre-filing stigma must be narrowly tailored. *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Farguson v. MBank Houston*, 808 F.2d 358 (5th Cir. 1986). Any dismissal should be clarified as procedural and **without** a finding of bad faith.

**E. Asymmetry of Access and Perception**

Corporate defendants litigate identical issues in hundreds of forums without rebuke, yet a citizen invoking multiple statutes is branded vexatious. EFTA's public-benefit clause (15 U.S.C. § 1693m(e)) and the ADA's private-enforcement model exist to correct that imbalance. Equal protection falters when persistence is mistaken for provocation. As Chief Justice Marshall warned in *Marbury v. Madison*, ours is *"a government of laws, and not of men."* Remedies must turn on the law invoked, not the petitioner's cadence.

**F. Need for Judicial Clarification**

For uniform treatment of digital consumer rights, Plaintiff respectfully seeks clarification on:

1. Whether electronic or postal communications mirroring § 1693f(b) constitute "written notice" under EFTA;

2. Whether mobile-only financial platforms are ADA Title III "service establishments" (42 U.S.C. § 12181(7)(F));

3. Whether post-demand refunds labeled "goodwill" constitute partial performance/admissions under *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016).

This Court's clarification will be cited for future consistency in related filings.

### G. Motion for Clarification and Vacatur of Prior "Frivolousness" Findings

Pursuant to Fed. R. Civ. P. 54(b) and, where final judgments exist, 60(b)(1) and (6), Plaintiff moves for clarification and partial vacatur of any prior § 1915(e)(2) screening orders in this District that characterized his filings as "frivolous." Those orders preceded or overlooked documentary and regulatory proof (e.g., the CFPB Consent Order) and now create collateral prejudice. The Court has inherent authority to correct language to prevent manifest injustice. See *Felder v. Casey*, 487 U.S. 131 (1988); *Castro v. United States*, 540 U.S. 375 (2003). Plaintiff requests the record reflect that earlier dismissals were **procedural screenings only**, not findings of bad faith, and that this clarification be expressly referenced for future proceedings.

---

## IV. REQUESTED RELIEF

Pursuant to Fed. R. Civ. P. 72(b)(3), 15(a)(2), 54(b), 60(b), and Fed. R. Evid. 201, Plaintiff respectfully asks the Court to:

1. **Reject or modify** the October 1, 2025 R&R (ECF No. 8);

2. **Take judicial notice** of Exhibits C-1 and D;

3. **Recognize plausible claims** under the EFTA, ADA, and Texas DTPA;

4. **Alternatively, grant leave to amend** under Rule 15(a)(2);

5. **Clarify** that any dismissal is procedural only and **without** a finding of bad faith; and

6. **Vacate or amend** prior "frivolous" designations to reflect screening status for citation in future matters.

---

## V. CONCLUSION

Courts are judged not by speed of closure but by accuracy of record. This filing seeks no favor—only precision. As Chief Justice Marshall wrote in *Marbury v. Madison*, "the government of the United States has been emphatically termed a government of laws, and not of men."

6

Plaintiff requests that this Court re-examine the record, clarify its language, and set a precedent of accuracy that future courts may rely upon.

---

Respectfully submitted,

**/s/ Joseph Anthony Reyna (JOECAT®)**

Pro Se Plaintiff

5900 Balcones Dr., Suite 16077

Austin, TX 78731

whitehat@joecattt.com | (956) 202-5580

Dated: **October 7, 2025**

---

**CERTIFICATE OF SERVICE (IFP FILING; COURTESY EMAIL ONLY)**

Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 5(d)(1)(B), filing this Objection and Motion with the Clerk constitutes service on parties for whom no counsel has appeared. A **courtesy electronic copy** of this filing and exhibits was transmitted on October 7, 2025 to:

**Cash App Legal Response CashAppLegalResponse@squareup.com.**

/s/ Joseph Anthony Reyna

## EXHIBIT LIST (only Exhibit C-1 attached)

The following exhibits were previously submitted to the Court and are incorporated by reference. Only Exhibit C-1 is re-attached for judicial notice and authentication.

| Label | Description | Status |
|---|---|---|
| **Exhibit A** | Final Demand Letter (June 6 & Aug. 11, 2025) [EFTA § 1693f(b) Notice] | Already on Record |
| **Exhibit B** | Refund Screenshot ($63.93, "For We're Sorry") | Already on Record |
| **Exhibit C** | Cash App "Goodwill" Letter (Aug. 22, 2025) | Already on Record |
| **Exhibit C-1** | **Email from Cash App Legal Response (Aug. 22, 2025, 9:39 A.M.)** | Re-Attached Here |
| **Exhibit D** | CFPB Consent Order vs. Block, Inc. (Jan. 2025) | Already on Record |

# EXHIBIT C-1

## Email from Cash App Legal Response

*(August 22, 2025 – 9:39 A.M. Central Time)*

This exhibit is submitted in support of:
**Plaintiff's Objection to Report and Recommendation and Motion for Judicial Notice, Leave to Amend, and Clarification of Prior Findings**

---

**Description:**

Authenticating correspondence from *Cash App Legal Response* < *CashAppLegalResponse@squareup.com* > transmitting the August 22 2025 "goodwill" letter (previously filed as Exhibit C). This email confirms contemporaneous corporate receipt and acknowledgment of Plaintiff's August 11 2025 notice, satisfying the written-notice requirement under 15 U.S.C. § 1693f(b).

---

**Filed By:**
/s/ Joseph Anthony Reyna (JOECAT®)
Pro Se Plaintiff
5900 Balcones Dr., Suite 16077
Austin, TX 78731
whitehat@joecattt.com | (956) 202-5580

Dated: **October 7, 2025**

**(Following page contains actual email printout)**

## Cash App's Response re: Joseph Reyna  External   Inbox ×

**Cash App Legal Response** <CashAppLegalResponse@squareup.com>
to me

Fri, Aug 22, 9:39 AM

Dear Joseph Reyna,

Attached, please find Cash App's response to your letter/email of August 11, 2025. Feel free to contact us if you have any questions.

Kind regards,
Douglas S.
Cash App Legal Response Team

One attachment • Scanned by Gmail

[PDF] 2025-08-22_Cash...

**[PROPOSED ORDER ON PLAINTIFF'S COMPLAINT AND MOTION FOR JUDICIAL NOTICE & CLARIFICATION]**

Having reviewed **Plaintiff's Complaint** and **Motion for Judicial Notice and Clarification**, together with the exhibits filed in support, and finding good cause shown under the **Electronic Fund Transfer Act** (15 U.S.C. § 1693 et seq.), the **Americans with Disabilities Act, Title III** (42 U.S.C. § 12181 et seq.), and the **Texas Deceptive Trade Practices Act** (Tex. Bus. & Com. Code § 17.46 et seq.), the Court hereby ORDERS as follows:

1. **Judicial Notice** is taken of the following undisputed public and documentary facts under Fed. R. Evid. 201:

    - The January 2025 **CFPB Consent Order** against Block, Inc., confirming systemic EFTA violations;

    - The $63.93 "We're Sorry" refund issued to Plaintiff by Cash App following Plaintiff's August 11, 2025 legal demand;

    - The August 22, 2025 "goodwill" letter and arbitration invocation by Defendants;

    - Precedent including *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019); and *Haynes v. Chase Bank USA, N.A.*, 441 F. Supp. 2d 546 (E.D. Tex. 2006).

2. The Court **finds that Defendants' post-demand refund labeled "For We're Sorry" constitutes partial performance and admission of liability** under EFTA § 1693f(e)(2) and does not moot Plaintiff's statutory or injunctive claims.

3. The Court **holds that Defendants' arbitration provisions are unconscionable and unenforceable** to the extent they purport to waive or restrict remedies under the EFTA, ADA Title III, or the Texas DTPA, consistent with *Armendariz v. Foundation Health Psychcare Servs.*, 24 Cal. 4th 83 (2000).

4. The Court **orders Defendants to comply** with Plaintiff's August 11, 2025 Final Demand by remitting, at their election:

    - $10,000 as a charitable donation to **Dreams Over Dollars™ Foundation (501(c)(3))**, or

    - $5,000 directly to Plaintiff's business account as statutory damages under 15 U.S.C. § 1693m(a) and Tex. Bus. & Com. Code § 17.50(b)(1).

5. The Court **directs Defendants to preserve and produce** within 30 days:

    - Transaction logs, dispute-handling metadata, and internal communications from April 1 through August 31, 2025, related to Plaintiff's account;

- System architecture and accessibility-compliance documentation for Cash App's dispute-resolution interface, pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.303.

6. The Court **retains jurisdiction** under 28 U.S.C. § 1651(a) (All Writs Act) to enforce compliance and ensure continuing accessibility for ADA-qualified individuals.

7. Defendants shall pay **costs of suit** under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1).

IT IS SO ORDERED.

SIGNED this ___ day of _____ 2025.

_____

**Hon. Alan D. Albright**

United States District Judge

_____

# [PROPOSED ORDER ON SERVICE AND RECORD PRESERVATION]

The Court, having reviewed Plaintiff's filings and noting the Plaintiff's *in forma pauperis* status, hereby recognizes that:

1. Electronic service by email to the United States Attorney's Office (W.D. Tex.) and the Social Security Administration's Office of the General Counsel constitutes good-faith compliance with Fed. R. Civ. P. 5(b)(2)(E);

2. Defendants are placed under a **continuing litigation hold** to preserve all electronically stored information, communications, and records relevant to the allegations described in the Complaint;

3. The Clerk shall docket this Order as confirmation of proper notice and preservation duty under Fed. R. Civ. P. 26(f) and 28 U.S.C. § 1651(a).

IT IS SO ORDERED.

SIGNED this ___ day of _____ 2025.

_____

**Hon. Alan D. Albright**

United States District Judge