IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY REYNA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-1402-RP |
| BLOCK, INC. and SUTTON BANK, | § § § | |
| Defendants. | § § | |

## **ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Plaintiff Joseph Anthony Reyna's ("Plaintiff") complaint pursuant to 28 U.S.C. § 1915(e), 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (R. & R., Dkt. 4). In her report and recommendation, Judge Hightower recommends that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B). (*Id.* at 4). Plaintiff timely filed objections to the report and recommendation. (Objs., Dkt. 8).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. 28 U.S.C. § 636(b). Because Plaintiff timely objected to the report and recommendation, the Court reviews the report and recommendation de novo. Having done so and for the reasons given in the report and recommendation, the Court overrules Plaintiff's objections and adopts the report and recommendation as its own order.

1

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 4), is **ADOPTED**. Plaintiff's complaint, (Dkt. 1), is **DISMISSED WITH PREJUDICE**.

As described by the United States Magistrate Judge, (R. & R., Dkt. 4, at 4), Plaintiff has filed eleven lawsuits in this Court over the past four months and has twice been warned that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims. Federal courts "have the inherent power to police the conduct of litigants and attorneys who appear before them," *In re Rudder*, 100 F.4th 582, 584 (5th Cir. 2024), including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). In addition to monetary sanctions, a court may "impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). Plaintiff's "wasting of increasingly scarce judicial resources must be brought to an end." *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

As such, **IT IS FURTHER ORDERED** that Plaintiff Joseph Anthony Reyna is **BARRED** from filing future complaints in the Western District of Texas without obtaining prior approval from a district or magistrate judge.

**SIGNED** on October 30, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE