FILED
November 17, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

Joseph Anthony Reyna (JOECAT®),

Plaintiff,

v.

Block, Inc. (d/b/a Cash App) and Sutton Bank,

Defendants.

Case No. 1:25-cv-01402-RP

---

NOTICE OF APPEAL AND MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Plaintiff **Joseph Anthony Reyna (JOECAT®)** respectfully appeals to the **United States Court of Appeals for the Fifth Circuit** from the **Final Judgment and Order of Dismissal with Prejudice** entered **October 30 2025** (ECF Nos. 9–10) by the Honorable Robert Pitman, U.S. District Judge for the Western District of Texas, Austin Division.

This appeal challenges dismissal under **28 U.S.C. § 1915(e)(2)(B)** without review of authenticated exhibits, denial of leave to amend, and the improper labeling of this action as *"frivolous"* despite verified evidence and corresponding federal enforcement findings confirming identical statutory violations by Defendant Block, Inc.

1

## I. INTRODUCTION AND GOOD-FAITH BASIS

This appeal is taken **in good faith** under **Fed. R. App. P. 24(a)(1)**.

The underlying complaint alleged violations of:

- the **Electronic Fund Transfer Act** (EFTA, 15 U.S.C. § 1693f);

- **ADA Title III** (42 U.S.C. § 12181 et seq.); and

- the **Texas Deceptive Trade Practices Act**.

Attached and incorporated exhibits include:

1. A refund labeled *"For We're Sorry"* following written demand — an admission of liability;

2. A post-notice unauthorized debit;

3. A Cash App legal letter (Aug 22 2025) re-classifying the refund as a "goodwill gesture"; and

4. The **CFPB Consent Order (Jan 16 2025)** finding systemic Reg E violations and mandating **$175 million in restitution and penalties**.

The district court dismissed before service, without reviewing these materials or allowing amendment—contrary to **Fed. R. Civ. P. 15(a)(2)** and controlling precedent (**Brewster v. Dretke**, 587 F.3d 764 (5th Cir. 2009)).

## II. LEGAL AUTHORITY

Under **28 U.S.C. § 1915(a)**, courts may authorize proceedings without prepayment of costs upon a sworn affidavit of inability to pay.

If granted, **§ 1915(d)** and **Rule 4(c)(3)** authorize the Court to direct the **U.S. Marshals Service** to serve process for any IFP litigant.

Eligibility is further supported by:

- **Tex. R. Civ. P. 145(d)** – presumes indigence for individuals receiving need-based benefits; and

- **Tex. Gov't Code § 552.267** – requires fee waivers for nonprofit and public-interest requesters.

## III. DECLARATION OF INABILITY TO AFFORD COSTS (28 U.S.C. § 1746)

I, **Joseph Anthony Reyna (aka JOECAT®)**, declare under penalty of perjury:

### A. Status and Caregiving

I am an ADA-protected individual and Durable Power of Attorney for my father, a stroke survivor in long-term care. I manage his affairs without compensation.

Born in Harlingen, Texas, my maternal family originates from Starr County, among the nation's poorest.

### B. Employment and Income

I am unemployed due to whistleblower retaliation.

My Unemployment Insurance was approved but never paid.

My SNAP (food assistance) was approved but inconsistently loaded.

I am a Pell Grant recipient, verified as financially needy by the U.S. Department of Education.

I direct a 501(c)(3) nonprofit, **Dreams Over Dollars™**, which generates no personal income.

These approvals collectively confirm government-verified indigence.

### C. Financial Barriers and Retaliation

- **Verizon Wireless** sent an account (~$1,000) to collections despite hardship deferral.

- **Wells Fargo** closed three accounts amid litigation (appeal pending W.D. Tex.).

4

- **Walmart Inc.** terminated my employment after protected whistleblower disclosures (OSHA Case No. 301055028; EEOC Charge No. 493-2025-02970).

### D. Expenses and Litigation Burden

I maintain active cases in multiple jurisdictions requiring certified mail and exhibit filings at my own expense while subsisting below the federal poverty line.

### E. Inability to Pay

I have no income, vehicle, property, or savings. Any court fee would compromise food, shelter, or medical access for me and my disabled father.

Executed this 12th day of November 2025 in Austin, Texas.

I declare the foregoing true and correct.

/s/ Joseph Anthony Reyna (JOECAT®)

Pro Se Petitioner & Appellant



## IV. ADDITIONAL FACTUAL AND REGULATORY SUPPORT

The CFPB Order of Jan 16 2025 found that **Block, Inc.** violated 15 U.S.C. § 1693f and 12 C.F.R. § 1005.11 by failing to promptly investigate unauthorized transactions, issue provisional credits, or communicate written findings. Block was ordered to refund **$120 million** and pay a **$55 million penalty**.

Additionally:

- **State Regulators** (through the Conference of State Bank Supervisors) imposed an **$80 million penalty** for Bank Secrecy Act and Anti-Money-Laundering deficiencies across Cash App operations.

- The **New York Department of Financial Services** fined Block **$40 million** for inadequate KYC and compliance controls.

- Block also settled a **$15 million class action** over a 2021 data breach and a **$12.5 million TCPA class action** for unsolicited text referrals (2025).

These enforcement actions confirm the plausibility and good-faith basis of Appellant's claims and underscore that dismissal for frivolousness was contrary to objective federal findings of identical misconduct.

## V. ANTICIPATED DENIALS AND GOOD-FAITH RESPONSE

Anticipating possible denial under **FRAP 24(a)(3)(A)**, Appellant affirms that this appeal raises at least one non-frivolous issue of law — namely, whether dismissal with prejudice at § 1915 screening, without review of attached exhibits or opportunity to amend, violates binding Fifth Circuit precedent.

The existence of any arguable legal issue meets the *good-faith* standard under **Coppedge v. United States**, 369 U.S. 438 (1962).

Under **Denton v. Hernandez**, 504 U.S. 25 (1992), § 1915(e) dismissals are administrative, not adjudicative, and carry no preclusive effect. Labeling this record "frivolous" while federal agencies document identical violations is objectively erroneous and procedurally unjust.

Appellant challenges *procedure, not personnel*: the denial of review and amendment opportunity, not the character of the Court. The relief sought is a procedural correction and restoration of access.

---

## VI. PRAYER FOR RELIEF

Appellant respectfully requests that this Honorable Court:

1. Grant leave to proceed **in forma pauperis** under 28 U.S.C. § 1915(a);

2. **Waive all filing fees and appellate costs** for this proceeding;

3. **Recognize eligibility under federal and Texas indigence standards**, including approved but unpaid benefits as proof of hardship;

4. Find that this appeal is taken **in good faith** and presents non-frivolous issues of law and fact; and

5. Grant such further equitable relief as justice requires to preserve access to the appellate process.

---

Respectfully submitted,

/s/ **Joseph Anthony Reyna (JOECAT®)**

Pro Se Appellant

5900 Balcones Dr., Suite 16077

Austin, TX 78731

whitehat@joecattt.com | (956) 202-5580

Dated: November 12, 2025



---

**SWORN DECLARATION (28 U.S.C. § 1746)**

I, **Joseph Anthony Reyna (aka JOECAT®)**, declare under penalty of perjury that:

1. The attached **Notice of Appeal and Motion to Proceed In Forma Pauperis** are true and correct to the best of my knowledge.

2. All facts stated regarding my financial condition, litigation history, and attached exhibits are accurate and supported by records in my possession.

8

3. This filing is executed in good faith to preserve procedural access and ensure compliance with federal and Texas law governing indigence.

Executed on **November 12, 2025**, in **Austin, Texas**.



**/s/ Joseph Anthony Reyna (JOECAT®)**
Pro Se Appellant
Dreams Over Dollars (501(c)(3))
5900 Balcones Dr., Suite 16077
Austin, TX 78731
whitehat@joecattt.com | (956) 202-5580

---

**CERTIFICATE OF SERVICE**

I certify that on **November 12, 2025**, I transmitted a true and correct copy of the foregoing **Notice of Appeal and Motion to Proceed In Forma Pauperis on Appeal** by electronic mail to the following recipient for record preservation and courtesy notice:

**Douglas S.**
**Cash App Legal Response Team**
**Cash App Legal Response**
CashAppLegalResponse@squareup.com

This method of service complies with **Fed. R. Civ. P. 5(b)(2)(E)** as consented electronic delivery and serves as contemporaneous notice of filing.

**/s/ Joseph Anthony Reyna (JOECAT®)**
Date: November 12, 2025

Dreams Over Dollars
5900 Balcones Dr. #16077
Austin, Texas 78731

AUSTIN TX  787
RIO GRANDE DISTRICT
13 NOV 2025 AM 2   L



UNITED STATES DISTRICT COURT
Western District of Texas – Austin Division
**Attn**: Clerk of Court | Pro Se Intake
501 West 5th Street, Suite 1100
Austin, TX 78701

SCREENED BY CSO'S
NOV 17 2025

Nonprofit Organization – Authorized by U.S. Postal Service